1812.
Boyer
vs
Turner

————————

BOYER VS. TURNER'S Adm'r.

JUNE (E. S.)

APPEAL from *Kent* County Court. This was an action of debt by the assignee against the assignor of a bill obligatory. The defendant, (the appellant,) pleaded *nil debet.*

1. At the trial the plaintiff, (the appellee,) offered in evidence a single bill executed by *Joseph Calder,* on the 12th of September 1803, whereby he promised to pay to *Samuel Boyer,* (the defendant,) his executors, &c. $100. He then offered in evidence the oath and assignment endorsed on the said bill, in the following words, (having first proved the due execution of the assignment:) "*Maryland, Kent* county. On the 26th of December 1803, came *Samuel Boyer* before me the subscriber, one of the justices of the peace of the county and state aforesaid, and made oath on the Holy Evangels of Almighty God, that he has not, nor no one for him, received any part, parcel, security or satisfaction, for the within obligation.

*James Welch.*"

"I *Samuel Boyer* do hereby assign, transfer and set over, unto *Ebenezer Turner,* of the state of *Delaware,* all my right, title, claim, demand and interest of, in and to, the within obligation on *Joseph Calder,* for the sum of £38 3 1½, principal and interest, it being for value of him

Where the affidavit on a bond made by the obligee was sufficient to warrant its assignment under the act of 1763, ch. 23, s. 10.

To enable the assignee of a bond to maintain an action against the assignor, *he must prove* that the obligor was unable to pay the debt, or that he could not be found in the place or county of his usual abode, or that some other thing or casualty happened whereupon he was not able to recover his debt from the obligor, though he had used due diligence for that purpose.

What shall amount to due diligence, is a question of law for the court, upon the facts of the case.

received. As witness my hand and seal this 26th day of December 1803.        *Samuel Boyer*, (L. S.)
Witness, *James Welch*."

To this oath and assignment the defendant objected as insufficient and inadmissible evidence, on the part of the plaintiff, on the ground that they were not such an oath and assignment as the law required. But the court, [*Earle*, Ch. J. *Purnell*, and *Worrell* A. J.] were of opinion, that it was proper testimony, and permitted them to go to the jury. The defendant excepted.

2. The defendant then prayed the court to direct the jury, that they must be satisfied that due diligence was used by *Ebenezer Turner*, or *James Welch* his administrator, to recover the debt from the obligor in the within bill, or otherwise they must find a verdict for the defendant. But the court refused to give that direction to the jury, and gave them the following: "That the jury, to find for the plaintiff, must be satisfied that *Calder* was unable to pay, or if able to pay at any time after the assignment, that the debt was not lost by the negligence or default of the assignee or his administrator. That the non-institution of a suit against *Calder* on the bill, is a circumstance of a negligence or default that ought to weigh with the jury; but that the bringing of an action on the bill was not indispensably necessary to a recovery against the assignor; and that if any positive facts, evincing negligence or default in the assignee or his representative, exist in the cause, they ought to be established by testimony on the part of the defendant." The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before CHASE, Ch. J. and POLK, BUCHANAN, NICHOLSON, and JOHNSON, J. by

*Chambers*, for the Appellant; and by
*Barroll*, for the Appellee.

NICHOLSON, J. delivered the opinion of the court. The court are of opinion, that the affidavit on the bill obligatory in this case is sufficient to warrant the assignment under the act of 1763, *ch.* 23, *s.* 10.

To enable the assignee to maintain an action against the assignor, it is incumbent upon the assignee to prove that

the obligor was unable to pay the debt, or that he could not be found in the place or county of his usual abode, or that some other thing or casualty did happen, whereby the assignee was not able to receive or recover his debt from the obligor, he, the assignee, having used due diligence therefor. What shall amount to due diligence is a question of law for the decision of the court, arising upon the facts of the case.

The court do therefore reverse the judgment, and order a *procedendo* to issue.

JUDGMENT REVERSED, &c.