CHARLES DIXON ET AL.
vs.                        } MARCH TERM, 1848.
HENRY R. W. DIXON ET AL.

[ASSIGNMENT OF VENDOR'S LIEN.]

UNLESS an express contract can be shown for the transfer of the vendor's lien, it will not pass to the assignee simply upon the footing of the assignment of the debt.

There are cases in which the benefit of the vendor's lien has been extended to third persons ; but they are cases in which the principle of marshalling assets has led to such results, or where sureties, who have been compelled to pay for their principals, have been, by substitution, clothed with all the rights and remedies of those whose debts they paid.

There has been no case found where the assignee of a note or other security, given for the purchase money of land, has been permitted to sustain a claim of this description on an implied agreement to assign the lien, though cases may be found, in which, by *express agreement*, the lien has passed to the assignee of the bond or note.

The lien being intended to secure the payment of the purchase money to the vendor, an assignment of the notes or bonds given therefor, without responsibility, and for value, is equivalent to payment and extinguishes the lien.

[This cause was brought to a hearing, and argued on exceptions to the Auditor's report, the main point at issue being whether the assignee of a bond given for the purchase money of land conveyed by the vendor to the vendee, can claim the benefit of the equitable lien of the vendor, without any express agreement for the transfer of such lien, to the prejudice of the creditors of the vendee.

On the 25th of August, 1841, Noah Dixon, executed two single bills to John W. Martin, to secure the payment of the purchase money of land sold by Martin to said Dixon, which were by said Martin assigned to the present holder, on the 25th June, 1842, with guarantee of payment. The land was conveyed to said Dixon on the 11th October, 1841, who died in 1844, leaving an estate inadequate to pay all the claims against it, although he was in solvent circumstances at the time of the assignment, which took place on the 25th of June, 1842. One of the bonds became due in August, 1843, and the other in August, 1844, but no evidence was produced of any proceed-

ings to collect them from the obligor until they were filed in in this case in March, 1847.

After referring to the case of *Repp* vs. *Repp*, 12 *G. & J.*, 341 ; to show that the lien would have existed for the security of the vendor, notwithstanding the conveyance of the claims had not been assigned. The Chancellor goes on to say :]

THE CHANCELLOR :

But in this case the claims have been assigned, and it is insisted that the equitable lien of the vendor passed to the assignee by virtue of the assignment.

No case has been, or as it is believed can be, found, establishing this proposition to the extent contended for here, and the opinion of the late Chancellor was directly against it. *Iglehart* vs. *Armiger*, 1 *Bland*, 519.

[After alluding to the case of *Schnebly and Lewis* vs. *Ragan*, 7 *G & J.*, 120, in which the Court of Appeals of this state in reviewing the opinion of the court in 1 *Ohio Rep.*, 318, deciding that the vendor's lien is an equity that arises to the vendor for his own safety, but cannot be transferred to another, say : "we are not, however, prepared to go to the full extent of this decision, if the court meant to say, that the assignees could not obtain the benefit of this lien by express contract." The Chancellor continues :]

It is certainly fairly inferrible, however, that the Court of Appeals meant to give their sanction to the decision in Ohio with that qualification only, and that unless an express contract could be shown for the transfer of the lien, it would not pass to the assignee simply upon the footing of the assignment of the debt.

Cases have, or may be referred to, in which the benefit of the vendor's lien has been extended to third persons, but these cases are supposed to rest upon principles entirely distinguishable from the present. They are cases in which the principle of marshalling assets has led to this result, as shown in 3 *Sugdens' Vendors*, 138, &c., or in which securities who have been compelled to pay for their principals, have been, by substitution,

19*

clothed with all the rights and remedies of those whose debts they paid. The case of *Hollingsworth* vs. *Floyd*, 2 *H. & G.*, 87, furnishes an illustration of this principle, and shows, that under the act of 1763, chap. 23, a surety paying is entitled to an assignment from the creditor, and that upon the established principles of equity, he, the surety, is entitled to call on the creditor, not only for an assignment of the claim, but likewise of all the liens which the principal debtor may have given him. The same doctrine is maintained by the Court of Appeals in *Ghiselin and Worthington* vs. *Fergusson*, 4 *H. & J.*, 522.

The Chancellor in *White* vs. *Williams*, 1 *Paige*, 502, said, he was not aware of any case where the assignee of a note or other security, given for the purchase money of land, has been permitted to sustain a claim of this description on an implied agreement to assign the lien. Cases may be found in which, by *express agreement*, the lien has passed to the assignee of the bond or note, but I very much question if any research will discover a case going further, and in which it has been decided that a third party, not connected with the original transaction as a surety, is entitled to the vendor's lien simply upon the ground of an assignment of the debt.

Apart, however, from the doctrine that the equitable lien of the vendor does not pass by a mere assignment of the bond or note, it is thought the lien cannot be set up in this case, upon another and distinct ground. The Court of Appeals in *Schnebly and Lewis* vs. *Ragan*, place their decision upon the ground that the vendor, by the terms of the assignment in that case, was not responsible for the payment of the notes, and that, consequently, as to him it amounts to a payment, a satisfaction of the claim. The lien being intended, as they say, to secure the payment of the purchase money to the vendor, an assignment without responsibility and for value, is equivalent to payment and extinguishes the lien. It would hence follow in this case, that if Martin, the vendor, is not now responsible for this money, being discharged therefrom by the neglect of the assignee, to use due diligence for its collection, or from any other cause, the lien would be gone, it existing for the security of the vendor, and continuing only so long as may be required for that purpose.

[The Chancellor after applying the principles laid down in *Boyer* vs. *Turner*, 3 *H. & J.*, 285, and *Lewis, use of Ringgold's admr's* vs. *Hoblitzell's admr's*, 6 *G. & J.*, 260, to the facts of this case as stated above, to show neglect on the part of the assignee, in consequence of which and in the absence of any excuse, there could be no recovery, against the assignor, goes on to say :]

It would, therefore, seem to follow, that no recovery could be had upon these notes against Martin, the assignor, and that, consequently, the claim, as to him, must be regarded as satisfied, and the lien of the vendor extinguished. That lien existing for his security, this view of the case, brings it expressly, within the principle decided by the Court of Appeals, in *Schnebly and Lewis* vs. *Ragan*, before referred to.

[No appeal was taken from this decree.]